Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **BOBBY JACK RIDDLE**, | ) |
| Plaintiff, | ) Case No. 2:05CV00031 |
| v. | ) **OPINION** |
| **APPALACHIA POLICE OFFICER MIKE BABER**, | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendant. | ) |

*Bobby Jack Riddle, Appalachia, Virginia, Pro Se; W. Bradford Stallard and Cameron S. Bell, Penn Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

In this civil rights case, I set forth the reasons for granting the defendant's motion for summary judgment. Because I find as a matter of law that the defendant did not use excessive force in arresting the plaintiff, the defendant's motion for summary judgment must be granted.

I

The plaintiff filed his Complaint pro se, alleging that the defendant police officer used excessive force during the course of an arrest, and that the plaintiff suffered injury as a result. The plaintiff alleges a violation of his civil rights pursuant

to 42 U.S.C.A. § 1983 (West 2003). This court has jurisdiction over his claim pursuant to 28 U.S.C.A. § 1331 (West 1993). The defendant has filed a Motion for Summary Judgment with supporting affidavits. Because the plaintiff is proceeding pro se, I ordered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the plaintiff respond with affidavits, declarations or other evidence within fourteen days or risk judgment against him and dismissal. The plaintiff has failed to respond.

Fed. R. Civ. P. 56(e) provides that I may enter summary judgment, if appropriate, against a party who fails to respond with evidence to a motion for summary judgment. In *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981), the Fourth Circuit counseled district courts on how to proceed when a pro se inmate fails to respond to a defendant's motion for summary judgment after the plaintiff has received a proper *Roseboro* notice. *Hummer* provides that if the plaintiff fails to offer any counter proof within the time period set by the court, the district should "review the showing made by the defendants in support of the motion . . . and determine . . . whether there are any genuine issues of fact and decide the proceeding on the record." *Id*. at 625. Because no proof has been offered by the plaintiff, I will review the defendant's showing to determine whether there exists a factual dispute that would preclude summary judgment.

## II

On December 21, 2004, defendant Mike Baber, the sole police officer on duty, responded to a domestic violence call at the Inman Village Housing Authority complex in Appalachia, Virginia. Upon arrival, Officer Baber found the plaintiff in the apartment of his estranged wife. The plaintiff had been issued notices by a police officer and an agent of the Wise County Redevelopment and Housing Authority, respectively, barring him indefinitely from the Inman Village premises. His presence at Inman Village thus amounted to criminal trespass. Officer Baber advised plaintiff to leave the premises or face arrest.

Later the same evening, Officer Baber responded to a call regarding a disturbance at a different Inman Village apartment. At his arrival, Officer Baber was notified by the apartment resident that the plaintiff was in a back bedroom of the apartment and had refused to leave. According to the affidavits submitted by the defendants and contrary to the facts alleged in the plaintiff's complaint, upon entering the back bedroom Officer Baber advised the plaintiff to leave the premises. When the plaintiff refused, arguing that he would not leave without a warrant, Officer Baber ordered again that the plaintiff leave. The plaintiff then picked up a child's chair and started toward Officer Baber, who ordered the plaintiff to stop. The plaintiff hit Officer Baber on the nose causing bleeding. When the plaintiff threatened additional

physical harm, Officer Baber sprayed the plaintiff with pepper spray and attempted to place him in handcuffs. The plaintiff continued to resist arrest, kicking Officer Baber.

Officer Baber was successful in placing one of the plaintiff's wrists in handcuffs, despite the plaintiff's continued resisting. To prevent further harm, Officer Baber again sprayed the plaintiff with pepper spray. Because the plaintiff continued to resist, Officer Baber was unsuccessful in cuffing the plaintiff's other wrist. During the struggle, the plaintiff swung the loose end of the handcuffs around as a weapon and threatened to kill Officer Baber. Two Big Stone Gap police officers also responded to the Inman Village call, arriving a few minutes after Officer Baber, and the three officers working together were finally successful in subduing the plaintiff and securing the second handcuff. According to each of the three officers, at no time during the incident did the plaintiff complain of or show visible signs of an injury. Officer Baber charged plaintiff with trespass, obstruction of justice, and assault on a police officer.

Officer Baber then transported the plaintiff to the Wise County Jail. During his transport and while incarcerated, the plaintiff neither complained of nor showed visible signs of injury. When Officer Baber and the plaintiff appeared before the magistrate for execution of the arrest warrant, the plaintiff agreed with Officer

Baber's account of the incident and neither complained of injury nor asserted a claim of excessive force. After the arrest warrant was executed, the plaintiff was remanded to the custody of the Wise County Sheriff.

Because the plaintiff has offered no evidence to dispute the defendant's version of the facts, I now determine whether the force used by Officer Baber violated the plaintiff's civil rights in light of the summary judgment standard.

III

Summary judgment is proper when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The judge's role at the summary judgment stage is to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). There is no issue for trial unless there is evidence favoring the nonmoving party sufficient to support a jury verdict for that party. *Id.* That is not the present case.

The plaintiff claims that he is entitled to relief under 42 U.S.C.A. § 1983. Section 1983 does not confer substantive rights; rather, it provides a method by which

an individual can vindicate substantive rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Liability under § 1983 arises when a defendant, acting under color of state law, deprives plaintiffs of their federal statutory or constitutional rights, thereby causing the alleged injury. *See* 42 U.S.C.A. § 1983.

Analysis of a § 1983 claim for excessive force begins with a determination of the constitutional provision allegedly infringed upon through the use of excessive force. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The validity of the claim is judged therefore in reference to the particular constitutional standard which governs that right. *Id*. The present case addresses a "seizure" of a free citizen, and thus invokes the Fourth Amendment's guarantee of security "against unreasonable searches and seizures."[1] U.S. Const. amend. IV. In determining whether the force used during a seizure is reasonable, I must balance the nature and quality of the intrusion on an individual's Fourth Amendment interests with the governmental interests at stake. *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). Reasonableness of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The reasonable inquiry is objective,

---

[1] A seizure occurs when a government actor has, "by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

questioning whether the officer's actions are "objectively reasonable" in light of the surrounding circumstances without regard for the officer's intentions or motivations. *Id.* at 397. Further, reasonableness must be determined in light of the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Thus, officers who are confronted with use of force by an arrestee are entitled to defend themselves. *Waller v. City of Danville*, No. 4:03CV00039, 2005 U.S. Dist. LEXIS 13394, at *12 (W.D. Va. July 5, 2005) (finding that officers' self-defense against a perceived threat to their safety was objectively reasonable).

Here, the plaintiff brings no evidence to prove his claim of excessive force in violation of the Fourth Amendment. The affidavits presented with the defendant's motion indicate that the plaintiff's mere presence on the Inman Village premises was cause for arrest, as he had been counseled earlier in the evening by Officer Baber. The plaintiff subjected himself to arrest after failing to follow Officer Baber's initial order to leave the premises. Thus, the plaintiff's claims that "false charges" were levied against him are clearly meritless.

Upon being discovered at the second apartment and ordered to leave the premises, the plaintiff responded with threats and physical violence, manifesting an

-7-

immediate threat to the safety of Officer Baber. Officer Baber presented evidence that he responded with only the amount of force necessary to protect himself, using handcuffs and pepper spray to subdue and restrict the movements of the plaintiff. The plaintiff resisted with force enough to require the help of an additional two officers and to cause permanent scarring to Officer Baber's legs. The plaintiff, having presented no evidence to counter that presented by the defendant, has failed to make any showing of excessive force in light of the circumstances.

Further, the plaintiff has presented no evidence of the injuries he allegedly sustained during the arrest. He failed to present evidence that he complained to the officers during or immediately following the arrest, during his transport to the jail facility, or upon appearing before the magistrate judge. While the plaintiff presented no evidence of injury, the defendant presented evidence of injuries he sustained during the arrest as a result of the plaintiff's resisting. Officer Baber's account of his injuries was verified in affidavits by the Big Stone Gap police officers who assisted in the arrest of the plaintiff.

Accordingly, I find that the plaintiff has failed to present any evidence indicating that Officer Baber used excessive force. It is clear from the record that the plaintiff violated two notices barring him from the premises where Officer Baber encountered him and that his subsequent arrest was proper. I find that the plaintiff's

-8-

Case 2:05-cv-00031-JPJ-PMS   Document 15   Filed 10/14/05   Page 8 of 9   Pageid#: 55

resisting arrest created a threat of harm to Officer Baber, justifying the officer's use of reasonable force. I further find that the force used by Officer Baber to subdue the plaintiff and protect against harm was objectively reasonable in light of the circumstances. Last, I find no evidence of injury sustained by plaintiff during the incident. Accordingly, I must grant the defendant's Motion for Summary Judgment.

IV

Because I find that, as a matter of law, Officer Baber's actions did not constitute excessive force in violation of the Fourth Amendment, the defendant's Motion for Summary Judgment will be granted.

An appropriate final judgment will be entered.

DATED: October 14, 2005

/s/ JAMES P. JONES
Chief United States District Judge